# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA ANN VEGA,<br><br>   Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>   Respondent. | CASE NO. 17cv0590 JM<br>CRIM. No. 14cr3658 JM<br><br>ORDER DENYING MOTION BROUGHT PURSUANT TO 28 U.S.C. § 2255 |

Petitioner Melissa Ann Vega moves for a reduction in her custodial sentence and the amount of restitution imposed as part of her sentence pursuant to 28 U.S.C. §2255 ("Motion"). For the reasons set forth below, the court denies the motion brought pursuant to 28 U.S.C. §2255 and denies a certificate of appealability.

## BACKGROUND

On December 2, 2015, Petitioner waived indictment and entered a guilty plea to Conspiracy to File False, Fictitious, and Fraudulent Claims (18 U.S.C. § 286), Tax Evasion (26 U.S.C. § 7201), and Aggravated Identity Theft (18 U.S.C. § 1028A). The signed plea agreement included Petitioner's knowing and voluntary waiver of her rights to appeal and collaterally attack her conviction, sentence, and restitution order. (Ct. Dkt. 93, 94, 97). On March 18, 2016, this Court imposed a sentence of eight-four (84) months in custody, whereby sixty (60) months were imposed on Counts 1 and 2 and twenty-four (24) months was imposed on Count 3 (to run consecutive to Counts 1 and 2). The Court also imposed the jointly requested amount of restitution totaling $7,176,836 to be paid to the Internal Revenue Service ("IRS").

On March 23, 2017, Petitioner filed the present Motion based upon documents she received from the IRS. Petitioner interprets those documents to mean that the agreed upon amount of restitution, $7,176,836, should be $340,000. The Government explains that the documents received by Petitioner reflect a limited-scope audit conducted by the IRS-Civil division. Of the 4,194 false returns filed by Petition, the IRS-Civil division investigation focused only on 48 false returns. The $340,000 amount of losses reflected on those 48 false returns constitutes only about 1% of the false returns prepared by Petitioner. (Keester Decl.).

**DISCUSSION**

**I. Waiver**

Petitioner waived her right to collaterally attack the sentence. Contract law standards govern the validity of plea agreements. United States v. Keller, 902 F.2d 1391, 1393 (9th Cir. 1990). A defendant validly waives her appellate rights if the language of the waiver encompasses the right to appeal on the grounds raised and she knowingly and voluntarily agrees to waive those rights. United States v. Rahman, 642 F.3d 1257, 1259 (9th Cir. 2011). A waiver provision barring a defendant from seeking collateral relief under a § 2255 motion is valid and enforceable. See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993); see United States v. Navarro-Botello, 912 F.2d 318, 321-22 (9th Cir. 1990) (reasoning the public policy of finality supports upholding waivers in plea agreements).

Here, Petitioner validly waived her right to collaterally attack the sentence when she executed a plea agreement expressly waiving her right to appeal or to collaterally attack the conviction and sentence unless the court imposed a custodial sentence greater than the high end of the guideline range recommended by the government. The waiver applies because, at sentencing, the court imposed a sentence less than the guideline range recommended by the Government. The record reveals that Defendant's waiver was knowing and voluntary.

Accordingly, the court dismisses the Motion.

### III. Ineffective Assistance of Counsel

Petitioner's claims also fail on the merits. To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that (1) counsel's performance was deficient; and (2) counsel's deficient performance prejudiced the defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). A petitioner must demonstrate that counsel's representation fell below an "objective standard of reasonableness" and that, but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. <u>Id.</u> at 694.

Here, Petitioner misinterprets the Form 886-A provided to her by IRS-Civil division. (Ct. Dkt. 131). This document does not support Petitioner's claim that total restitution is $340,000. The declaration of IRS Special Agent Keester reveals that the Form 886-A represents the IRS-Civil division investigation that focused only on 48 false returns, and not all the 4,194 false returns prepared by Petitioner. As the Form 886-A document is consistent with the agreed upon amount of restitution ($7,176,836), Petitioner fails to establish any prejudice or that counsel provided deficient performance.

In sum, the court denies the Motion.

### IV. Certificate of Appealability

For the reasons set forth herein, Petitioner fails to make a substantial showing of the denial of a constitutional right. Accordingly, the court denies any request for a certificate of appealability. <u>See</u> 28 U.S.C. §2253(c)(2).

In sum, the court denies the Motion in its entirety and denies a certificate of appealability. The Clerk of Court is instructed to close the file.

**IT IS SO ORDERED.**

DATED: June 1, 2017

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties